### In re CLEMENT, State Excise Com'r.

(Supreme Court, Special Term, Erie County. September, 1910.)

INTOXICATING LIQUORS (§ 106*)—LIQUOR TAX CERTIFICATES—REVOCATION—GROUNDS.

　　A liquor tax certificate, issued to the stepdaughter of a liquor dealer, whose certificate had been revoked for his running a disorderly house, for the sale of liquor in a board shack erected in the rear of the building previously occupied by the liquor dealer, will be revoked for a fail-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ure to file the required number of consents of owners and occupants of dwellings within 200 feet of the entrance to the premises, though one of the buildings lacked but 2⅖ inches of being 200 feet away from such entrance.

[Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. § 106.*]

Proceedings by Maynard N. Clement, as State Commissioner of Excise, for the revocation of the liquor tax certificate issued to Barbara Haas. Certificate canceled.

Daniel A. Reed, for petitioner.
Joseph P. Schattner, for respondent.

MARCUS, J. This is a proceeding brought by Maynard N. Clement, as State Commissioner of Excise, to revoke the liquor tax license issued to Barbara Haas for premises on the west side of Wagner street, about 125 feet south of William street, Doyle, Cheektowaga, Erie county, N. Y.

It is claimed by the commissioner that Barbara Haas, the respondent and applicant for the certificate in question, made a false statement to obtain the certificate by stating that the required number of consents in writing that such traffic in liquors be so carried on in said premises during the term therein stated, executed by the owner or owners, or by the duly authorized agent or agents of such owner or owners, of at least two-thirds of the total number of buildings occupied exclusively as dwellings, the nearest entrance to which is within 200 feet, measured in a straight line to the nearest entrance of the premises on which traffic in liquors was to be carried on, were attached to said application statement. This statement was and is a material statement, and it is claimed that such statement was and is false.

It appears from the evidence that previous to the application for a license by Barbara Haas, one Anthony Miller, her stepfather, was convicted of running a disorderly house, and that in consequence his license was revoked; that thereafter a rough board shack was erected eight feet in the rear of the premises, where Barbara Haas is now conducting the liquor traffic. It further appears that said Anthony Miller is now with Barbara Haas. The shack referred to is upon the same premises where the disorderly acts took place for which Anthony Miller was convicted. A conviction for disorderly conduct bars traffic for one year.

After careful consideration, I conclude that the respondent herein did not obtain and file with said application statement the consents in writing of the owners of at least two-thirds of the total number of buildings occupied exclusively as dwellings, the nearest entrance of which is within 200 feet, measured in a straight line from the nearest entrance of the premises on which the traffic in liquors was to be carried on to the nearest entrance to said buildings occupied exclusively as dwellings. There are 11 buildings within the distance of said 200 feet from the nearest entrance of the respondent's place of business. One of these buildings, owned by one Mahle, lacks 2⅖ inches of being 200 feet away from said entrance. In reaching this conclusion, I am

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

not unmindful of the maxim, "The law cares not for small things;" but a failure on the part of the court to grant this petition and revoke the license would make the administration of the excise law ridiculous, as well as the violation of the same easy and safe. It would encourage a still greater disrespect for the excise law, if that is possible, and such disrespect would be aided and sanctioned by the court.

The effort on the part of the commissioner of excise to procure the revocation of this license undoubtedly grows from the fact that the taking out of the license by the respondent was a mere subterfuge for the transaction of the same business by Anthony Miller, who, as above mentioned, was convicted of running a disorderly house, and in consequence thereof lost his license. In order to procure this revocation, it must be done upon legal grounds, and apparently none seemed open to the commissioner other than the question of distance. While, on its face, this application, by reason of the fact that but 2⅖ inches is the foundation upon which this proceeding is presented to the court, might be deemed frivolous and officious, under all the facts and circumstances as disclosed by the evidence, there seems to be no reason why the court should strain after sustaining this license, but every reason appears why the same should be revoked.

An order to that effect may be entered.